Dear Mr. Fruge:
You have requested clarification of Opinions No. 92-491 and No. 92-589, relative to the taxation of video draw poker devices. Your letter asks that we reconsider the application of those opinions as applied to ad valorem taxes and sales and use taxes levied by local taxing authorities.
Please be advised that neither of those opinions addressed the issue of the exemption of video draw poker machines from the application of ad valorem taxes.
The primary intent of the author of Opinion No. 92-491 (the undersigned), in confecting that opinion, was to make it clear that R.S. 33:4862.14 does not exempt video draw poker devices from taxation by the State of Louisiana. Furthermore, the undersigned, who was also the author of Opinion No. 92-589, understood your request for that opinion as regarding only the levy of state and local sales and use taxes on video draw poker devices. Having received your recent correspondence, and having reread your first request, it is now clear to me that you would like our opinion regarding the ability of local governmental entities to impose ad valorem taxes on those devices as well. The issue of the application of ad valorem taxes to video draw poker devices will now be addressed by this office for the first time.
The Louisiana Legislature possesses the authority to enact any law which is not prohibited by the Louisiana Constitution. LSA-Const. Art. VII § 21 states, in part:
 `In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation . . .' (Emphasis supplied)
The remainder of LSA-Const. Art. VII § 21 provides, in addition to the homestead exemption, an exclusive listing of property to be exempt from ad valorem taxation. The jurisprudence of this state has repeatedly held that the Legislature can not grant exemptions from ad valorem taxation different from the exclusive exemptions granted by the Constitution. See the cases of Warren County, Mississippi v. Hester, 219 La. 763, 54 So.2d 12; Hibernia National Bank v. Louisiana Tax Commission, 195 La. 43, 196 So. 15; see also Attorney General's Opinion No. 92-579.
Since the list of property contained in Art. VII, § 21 does not include video draw poker devices, it is the opinion of this office that such devices are not exempt from the levy of ad valorem taxes by either the state or local governmental entities.
Although the Constitution prohibits the Legislature from adding exemptions from ad valorem taxes, the Legislature is granted much broader authority to provide for exemptions from sales and use taxes. The ability of local governmental entities to levy sales and use taxes is subject to legislative limitation. LSA-Const. Art VI, § 29, which provides for the imposition of sales and use taxes by local governmental subdivisions and school boards, states, in Sec. 29(A), that the property and services taxable shall be "defined by law".
Art. VI, Sec. 29(D) provides:
 "Except when bonds secured thereby have been authorized, the legislature by law may uniformly exempt or exclude any goods, tangible personal property, or services from sales or use taxes levied by local governmental subdivisions, school boards, and the state."
In Louisiana Power Light Company v. Parish School Board of the Parish of St. Charles, 597 So.2d 578 (La. 5th Cir., 1992), rendered in March of this year, the Court of Appeal examined whether nuclear fuel, which is subject to state sales and use taxes by virtue of a suspended exemption, was also subject to local sales and use taxes. The decision states, at page 583:
 "The purpose of the sales/use tax scheme is to make all tangible personal property used or consumed in the state subject to a uniform tax burden irrespective of whether it is acquired in the state, making it subject to the sales tax, or acquired without the state, making it subject to the use tax at the same rate. Chicago Bridge Iron Co. v. Cocreham, 317 So.2d 605 (La. 1975).
 "La. Const. Art. VI, § 29 gives local government subdivisions and school boards the right to levy sales/use taxes of their own, in addition to the one levied by the state. The State has also retained the right to exempt certain goods taxed by the State from local taxes. La. Const. Art. VI, § 29 reads: [the entirety of Art. VI, §§ 29(A), (B), (C), and (D) are then quoted by the court]." (emphasis added)
At page 586, the decision states:
 ". . . La. Const. Art. VI, § 29 grants the State the specific right to exempt property and activities from `local' taxes, except for previously authorized bonds which are dependent upon such `local' tax. Section 29(D) would prevent the exemption . . . from applying to the nuclear fuel assemblies if they were part of the tax base upon which St. Charles Parish had funded certain bond issues. The question is whether the Legislature, in suspending the state sales/use tax exemption, also suspended the exemption to the local tax."
The ultimate holding of the Court of Appeal is that the Legislature suspended exemptions to State sales and use taxes, but did not suspend exemptions to local sales and use taxes.
You have provided us with a copy of a letter drafted by Mr. Salvador Anzelmo, wherein Mr. Anzelmo expresses the opinion that: "the exemption authority granted to the Legislature by the 1974 Constitution [Art. VI, § 29(D)] must be exercised `uniformly'. Thus, the Legislature may not exempt tangible goods or services from local sales and use taxes, but not from state taxes."
With all due respect to Mr. Anzelmo, the Court of Appeal, in the Louisiana Power Light decision, quoted Art. VI, § 29 and clearly holds that the Legislature can exempt property from the levy of local taxes, even if the same property is not exempt from state taxes.
We also note, as did the Court of Appeal, that the statutory sales tax scheme provides for a number of instances where property is exempt from state sales and use taxes but not from local sales and use taxes. Under Mr. Anzelmo's analysis, those statutes could be considered constitutionally infirm as well. In particular, R.S 33:2716.1 provides that no exemption from the state sales and use tax granted after the effective date of that statute (Acts 1978, No. 205, Sec. 1, effective June 29, 1978) shall be applicable to any sales and use tax levied by any local governmental subdivision unless the state exemption specifically so provides. R.S. 33:2716.1, according to our research, has never been the subject of a constitutional challenge in a reported case.
Please be advised that it remains the opinion of this office that R.S. 33:4862.14 does exempt video draw poker devices from sales and use taxes imposed by local governmental entities.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 179n
cc: Senator Foster L. Campbell Salvador Anzelmo